# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2012

No. 12-40368

Lyle W. Cayce
Clerk

GENE'S MACHINE, INCORPORATED; MARK WOOD; TRACY WOOD;
CRAIG WOOD; J.W.,

Plaintiffs-Appellants

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
ALEJANDRO MAYORKAS; HILDA L. SOLIS; DAVID L. ROARK,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:11-CV-4

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The district court dismissed the complaint of Gene's Machine, Inc. ("Gene's Machine") and Mark Wood and the Wood family asserting that the defendant government agencies and officials violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, in denying an I-140 visa petition filed by Gene's Machine on behalf of Mark Wood, an alien Gene's Machine seeks to employ.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40368

Gene's Machine appeals the district court's dismissal of its claims challenging a Department of Labor regulation, 20 C.F.R. § 656.30, which was amended in 2007 to provide that a labor certification granted after the effective date of July 16, 2007 expires if not filed with the Department of Homeland Security in support of an I-140 visa petition within 180 days of the grant of certification, *id.* § 656.30(b)(1), or, as in the case of Gene's Machine, that a labor certification granted before the effective date expires if not filed in support of an I-140 petition within 180 days of the effective date, *id.* § 656.30(b)(2). Gene's Machine claims that the amended regulation does not comport with the text of the labor certification statute, 8 U.S.C. § 1182(a)(5)(A), and is arbitrary and capricious. The district court also held that Mark Wood and the Wood family, the intended beneficiaries of the visa petition who asserted claims identical to those of Gene's Machine, lacked Article III standing.

As to the claims of Gene's Machine, we affirm the judgment of dismissal for failure to state a claim essentially for the reasons given by the district court in its well-reasoned opinion. *Gene's Mach., Inc. v. Dep't of Homeland Sec.*, No. 6:11-CV-4, 2012 WL 1067557 (S.D. Tex. Mar. 28, 2012).[1] Given the dismissal of those claims, and because the claims of Mark Wood and the Wood family are the same as those of Gene's Machine, the question of the standing of Mark Wood and the Wood family is moot.

AFFIRMED.

---

[1] Gene's Machine asserted additional claims that were dismissed by the district court but were not raised on appeal, including claims asserting violation of due process and equitable tolling due to ineffective assistance of counsel. We express no opinion on those claims.